# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00587-SCT

*CHARLES J. BARNES, JR.*

*v.*

*HOMA LEE BARNES*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/97 |
| TRIAL JUDGE: | HON. THOMAS L. ZEBERT |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | J. PEYTON RANDOLPH, II |
| ATTORNEYS FOR APPELLEE: | MARK C. BAKER |
| | MARK A. CHINN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 03/04/99 |
| MOTION FOR REHEARING FILED: | 01/28/99 |
| MANDATE ISSUED: | 4/8/99 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On January 14, 1999, we issued our per curiam affirmance of the chancellor's judgment in this case. Appellant Charles J. Barnes, Jr. has filed his motion for rehearing, asking this Court to reconsider our decision based upon the chancellor's award of $1,750 per month in periodic alimony to his ex-wife, Homa Lee Barnes. Finding no error on the part of the chancellor in this case, we deny Mr. Barnes's motion for rehearing.

¶2. Specifically, Mr. Barnes complains that the chancellor's award of alimony was clearly erroneous, because it was based upon Mr. Barnes's previous earning capacity through his business, Barnes Forest Products, which went bankrupt in 1996. *See **Wright v. Wright**, 723 So. 2d 1168, ¶11 (Miss. 1998)* (standard of review for alimony reward). He asserts that his current monthly income of $2,409 does not allow him to maintain a reasonable standard of living after paying $1,750 per month in alimony. Mr. Barnes also alleges that the alimony award was erroneous considering Mrs. Barnes's ability to earn a living and relatively low monthly expenses with no car note, the sale of the marital home, and no minor children to support.

¶3. We find that the chancellor properly applied the factors for determination of alimony set out in *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993). The chancellor correctly found that Mrs. Barnes was entitled to periodic alimony while she adjusts to a new life of financial independence. Mr. Barnes may not be able to attain the same level of income he once enjoyed while running his own business. However, considering the parties' respective earning capacities, we find that the award of $1,750 per month in periodic alimony was not clearly erroneous or manifestly wrong. As a result, Mr. Barnes's motion for rehearing is denied.

¶4. **MOTION FOR REHEARING DENIED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**